### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

| | |
|---|---|
| **KEY HARBOR, LLC** *d/b/a* **JAWS MARINE,** | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| *v.* | ) ) |  Case No. |
| **2017 CAROLINA SKIFF,** | ) ) |  In Admiralty |
| **2006 CREWBOAT TO GO,** | ) ) |
| **1988 CREWBOAT TO GO,** | ) ) |
| Their equipment, appurtenances, and freights, | ) ) |
| *Defendants* in rem, | ) ) ) |
| **TECHNOPREF INDUSTRIES, INC.,** | ) ) |
| *Defendant* in personam. | ) ) ) |

## PLAINTIFF'S VERIFIED COMPLAINT

Plaintiff Key Harbor, LLC ("Plaintiff") hereby brings this admiralty action, *in rem*, under the Commercial Instruments and Maritime Lien Act ("CIMLA"), Pub. L. 100-710, 102 Stat. 4752 (Nov. 23, 1988) (codified as amended at 46 U.S.C. §§ 31301 et seq.) and FED. R. CIV. P. C against Defendants 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go, and states:

### JURISDICTION & VENUE

1.  This is an admiralty action in the Court's original jurisdiction under U.S. CONST. art. III, § 2, cl. 2; 28 U.S.C. §§ 1333; and FED. R. CIV. P. 9(h); *see also The Belfast*, 74 U.S. 624, 642–46 (1825).

2.   Venue is proper in the United States District Court for the District of Maryland because 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go are located in Maryland, therefore, they are "found within the district" under LAR(b)(1).

## PARTIES

3.   Plaintiff is a Maryland limited liability company. It was registered on November 19, 2009 and remains in good standing. Its principal place of business is located in Maryland. Its principal office is located at 6100 Chemical Road, Curtis Bay, Maryland 21226.

4.   2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go are maritime vessels located in Maryland and are owned and operated by Defendant, Technopref Industries, Inc ("Technopref").

5.   Technopref is a Virginia corporation. It was formed on December 11, 2015, remains in good standing, and is authorized to do business in Maryland. Its principal office is located at 2121 Eisenhower Ave., Ste. 301, Alexandria, Virginia, 22314. Its registered agent in Maryland is CSC-Lawyers Incorporating Service Co., located at 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.

## FACTS

6.   Technopref executed a maritime contract (the "Contract") to lease Plaintiff's commercial mooring facility located at 6100 Chemical Road, Baltimore, Maryland 21226 (the "property"). The Contract's choice of law clause elected the law of Maryland.

7.   The Contract authorized Technopref to sublease 30,000 square feet of the property; periodic, non-exclusive use of a commercial mooring facility for overnight barge staging; non-exclusive use of a commercial mooring facility's bulkhead; use of above ground storage tanks for

2

fueling vessels; use of a storage shed; and non-exclusive use of waters and riparian rights associated with the property.

8. The Contract stipulated a base rent $7,250.00 per month in nine equal monthly installments. Failure to pay rent was subject to a late charge system: five percent of the late payment if not paid within five days of the due date; daily interest at the annual rate of eighteen percent if not paid within ten days of the due date.

9. The Contract only allowed use of the property for lawful commercial operations within Technopref's scope of work. Technopref was required to keep all mechanical equipment on the property in good working order and not commit or permit waste or nuisance.  Technopref was liable for all damage caused to the commercial mooring facility.

10. The Contract explicitly stated that Plaintiff has a maritime lien against any vessels moored on the property as security for payment of rent and any damage inflicted to the property.

11. Technopref moored three vessels at the property: 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go.

12. In Fall 2019, 2017 Carolina Skiff caused a minimum of $26,050.00 in damage to the bulkhead on the property.

13. As of February 2021, Plaintiff has issued rent invoices to Technopref totaling $41,050.00.

14. The services Plaintiff provided to 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go constitute "necessaries" under 46 U.S.C. §31301(4).  Plaintiff therefore holds a maritime lien against these vessels, *in rem*, corresponding to the services it provided them under CIMLA and the terms of the Contract.

15. Technopref breached the Contract by refusing to pay Plaintiff for the commercial mooring services and for the damage it inflicted on the bulkhead of the commercial mooring facility.

16.  2017 Carolina Skiff is liable, *in rem*, for committing a maritime tort(s) by damaging Plaintiff's property.

17.  2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go remain moored on the property at this time.

## COUNT I: MARITIME LIENS *IN REM*

18.  Plaintiff incorporates the above paragraphs as if fully set forth herein.

19.  Technopref breached its Contract with Plaintiff and 2017 Carolina Skiff damaged Plaintiff's property.

20.  Plaintiff's commercial mooring services provided to Technopref under the Contract constitute "necessaries' under 46 U.S.C. § 31301(4), therefore, Plaintiff holds maritime liens, *in rem*, against 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go and requests judgment.

WHEREFORE, Plaintiff respectfully requests the following relief:

1.      The Court grant Plaintiff's accompanying Motion for Maritime Arrest *In Rem* against 2017 Carolina Skiff, the 2006 Crewboat to Go, 1988 Crewboat to Go, and their equipment, appurtenances, freights, sub-freights, bunkers, cargo, and other property under 46 U.S.C. § 31342 and FED. R. CIV. P. C(3)(a);

2.      The Court grant Plaintiff's accompanying Motion to Serve as Substitute Custodian of 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go in place of the United States Marshal under LAR(e)(11);

3.      The Court enter judgment against 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat, in rem, as follows:

a.  Jointly and severally for breach of a maritime contract, including interest and costs, of at least $41,050.00 or greater;

b.  Against 2017 Carolina Skiff in maritime tort, including interest and costs, of least an additional $26,050.00 or greater;

4.  The Court order the sale of 2017 Carolina Skiff, 2006 Crewboat to Go, and 1988 Crewboat to Go upon entering judgment, *in rem*, under LAR(e)(12);

5.  The Court award the proceeds of the sale in the amount of at least $67,100.00 and maritime prejudgment interest under LAR(e)(12); and

6.  The Court order Technopref to pay Plaintiff's attorneys' fees and costs under paragraph 16.20 of the parties' maritime contract.

7.  The Court award Plaintiff such other and further relief as deemed proper.

Dated: May 6, 2021                    Respectfully Submitted,


_____/s/_____
Andrew H. Vance, Esq. (Bar No. 05287)
LAW OFFICE OF ANDREW H. VANCE
77 East Main Street, Suite 401
Westminster, Maryland 21157
Email: constructionlaw@verizon.net
Phone: (410) 386-0727
Fax: (410) 386-0728


_____/s/_____
Joshua T. Carback (Bar No. 21713)
(signed by Andrew H. Vance with permission of Joshua T. Carback)
LAW OFFICE OF ANDREW H. VANCE
77 East Main Street, Suite 401
Westminster, Maryland 21157
Email: constructionlaw@verizon.net
Phone: (410) 386-0727
Fax: (410) 386-0728

*Attorneys for Key Harbor, LLC*

5

## VERIFICATION

Thomas Palacorolla certifies as follows:

I, Thomas Palacrolla, am Managing Member of Plaintiff Key Harbor, LLC. The facts set out in the foregoing verified complaint are true and correct. I certify under penalty of perjury that the foregoing is true and correct.

Date: May 5, 2021

Thomas Palacorolla