# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KEY HARBOR, LLC d/b/a JAWS MARINE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 2017 CAROLINA SKIFF, ) <br> 2006 CREWBOAT TO GO, ) <br> 1988 CREWBOAT TO GO, ) <br> ) <br> Their equipment, appurtenances, and freights, ) <br> Defendants *in rem*, ) <br> ) <br> TECHNOPREF INDUSTRIES, INC. ) <br> ) <br> Defendant *in personam*. ) <br> ) | Civil Action No.: 1:21-cv-1114-CCB |

## TECHNOPREF INDUSTRIES, INC.'S
## VERIFIED ANSWER TO VERIFIED COMPLAINT AND COUNTERCLAIMS

Defendant Technopref Industries, Inc. ("Technopref") for itself and as the owner and operator of the 2017 CAROLINA SKIFF, 2006 CREWBOAT TO GO, and 1988 CREWBOAT TO GO (collectively the "Vessels"), through counsel, submits this answer to the Verified Complaint filed by Key Harbor, LLC d/b/a/ Jaws Marine ("Jaws Marine") according to the headings and numbered paragraphs set forth therein.[1]

The unnumbered opening paragraph includes allegations that call for a legal conclusion to which no response is required.

---

[1] To the best of Defendants understanding, this action invokes Fed. R. Civ. P., Supp. Adm. R. C against the Vessels *in rem* and no cause of action is alleged against Technopref *in personam*. Because Technopref was named as a Defendant and served with a Summons and Complaint, Technopref answers the Complaint out of an abundance of caution.

1

## JURISDICTION & VENUE

1. The allegations set forth in ¶ 1 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

2. Technopref admits the Vessels were located in this District at the time of their arrest. Technopref denies that Plaintiff can invoke Fed. R. Civ. P., Supp. Adm. R. B in this action, however, because Technopref is found within this district pursuant to LAR(b)(1); *see* Compl ¶ 5. Moreover, no affidavit was filed with the Complaint as required in Fed. R. Civ. P., Supp. Adm. R. B.

3. On information and belief, Technopref admits that Jaws Marine is registered as a Maryland limited liability corporation, was registered on November 19, 2009, and that its principal place of business is located at 6100 Chemical Road, Curtis Bay, Maryland, 21226. The remaining allegations set forth in ¶ 3 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

4. Technopref admits the allegations set forth in ¶ 4.

5. Technopref admits it is in good standing, is authorized to do business in Maryland, its principal office is located at 2121 Eisenhower Ave., Ste. 301, Alexandria, Virginia, 22314, and its registered agent in Maryland is CSC Lawyers Incorporating Service Co. located at 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202. Technopref denies the remaining allegations set forth in ¶ 5.

## FACTS

6. Technopref admits there was a writing (the "Writing") between Jaws Marine and Technopref relating to property located at 6100 Chemical Road, Baltimore, Maryland 21226 (the "Property"), the Writing speaks for itself. Technopref denies the allegations set forth in ¶ 6 to the

extent they are inconsistent with the Writing. The remaining allegations set forth in ¶ 6 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

7. Technopref admits the Writing speaks for itself. Technopref denies the allegations set forth in ¶ 7 to the extent they are inconsistent with the Writing. The remaining allegations set forth in ¶ 7 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

8. Technopref admits the Writing speaks for itself. Technopref denies the allegations set forth in ¶ 8 to the extent they are inconsistent with the Writing. The remaining allegations set forth in ¶ 8 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

9. Technopref admits the Writing speaks for itself. Technopref denies the allegations set forth in ¶ 9 to the extent they are inconsistent with the Writing. The remaining allegations set forth in ¶ 9 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

10. Technopref admits the Writing speaks for itself. Technopref denies the allegations set forth in ¶ 10 to the extent they are inconsistent with the Writing. The remaining allegations set forth in ¶ 10 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

11. The allegations set forth in ¶ 11 contain no specific time, Technopref therefore denies the allegations.

12. Technopref denies the allegations set forth in ¶ 12.

13. Technopref admits that Exhibit 2 to the Complaint (ECF No. 1-2) speaks for itself. Technopref denies the allegations set forth in ¶ 13 to the extent they are inconsistent with ECF No. 1-2. Technopref denies the remaining allegations set forth in ¶ 13.

14. The allegations set forth in ¶ 14 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

15. Technopref denies the allegations set forth in ¶ 15.

16. Technopref denies the allegations set forth in ¶ 16.

17. Technopref denies the allegations set forth in ¶ 17.

## COUNT I: MARITIME LIENS IN REM

18. Technopref incorporates each of its preceding responses to the allegations above as if fully set forth herein.

19. Technopref denies the allegations set forth in ¶ 19.

20. The allegations set forth in ¶ 20 call for a legal conclusion to which no response is required, to the extent a response is deemed required, Technopref denies the allegations.

Technopref denies that Jaws Marine is entitled to any relief and requests that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants, that the Vessels be released to Technopref, that Defendants be awarded their costs including custodial costs, expenses and reasonable attorneys' fees incurred in responding to the Complaint, and for such other relief that this Court deems appropriate.

## DEFENSES

Technopref for itself and as the owner and operator of the 2017 CAROLINA SKIFF, 2006 CREWBOAT TO GO, and 1988 CREWBOAT TO GO reserves the right to rely on the following defenses in opposing the Complaint. Technopref does not concede that any or all of the listed

defenses are affirmative defenses under applicable law. Technopref reserves its right to present any and all defenses, including those disclosed through the course of discovery in this matter.

1. All allegations not expressly admitted above are hereby denied.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The Writing is not enforceable due to mistake regarding one or more of its essential terms, including the amount of rent and default provisions.

4. The Writing is not enforceable due to duress of Technopref at the time of formation.

5. The Writing is not enforceable because its terms unconscionably favor Plaintiff.

6. The Complaint is barred, in whole or in part, by the terms of the Writing, if enforceable.

7. The Complaint is barred by Plaintiff's own material breaches of the Writing, if enforceable.

8. The Complaint is barred because Plaintiff failed to fulfill all of the conditions precedent to bringing an action under the Writing, if enforceable.

9. The Complaint is barred because of Plaintiff's failure to timely, adequately and completely perform its obligations on the Writing.

10. The Complaint is barred by Plaintiff's failure to give proper notice of its alleged claims.

11. The Complaint is barred, in whole or in part, by offset and/or recoupment.

12. The Complaint is barred, in whole or in part, by the doctrines of estoppel and/or laches.

13. Plaintiff waived all or part of the claims alleged in the Complaint.

14. The Complaint is barred, in whole or in part, by failure of consideration, payment and/or release.

15. Plaintiff's own negligence contributed to the alleged damage to the bulkhead.

16. If Plaintiff suffered any damages, it failed to mitigate such damages.

17. Technopref's liability under the Writing (if any), is limited to the value of the Vessels.

18. Technopref further reserves the right to assert additional defenses which may become known as the case progresses through discovery and/or trial.

WHEREFORE, Technopref respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants, that the Vessels be released to Technopref, that Defendants be awarded their costs including custodial costs, expenses and reasonable attorneys' fees incurred in responding to the Complaint, and for such other relief that this Court deems appropriate.

## COUNTERCLAIMS

Defendant Technopref Industries, Inc. ("Technopref") for itself and as the owner and operator of the 2017 CAROLINA SKIFF, 2006 CREWBOAT TO GO, and 1988 CREWBOAT TO GO (collectively the "Vessels") asserts the following Counterclaims against Plaintiff Key Harbor, LLC d/b/a Jaws Marine ("Jaws Marine") and states as follows:

### PARTIES

1. Technopref is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is in Alexandria, Virginia.

2. Jaws Marine is a corporation organized and existing under the laws of the State of Maryland. Its principal place of business is in Curtis Bar, Maryland.

## JURISDICTION AND VENUE

3. The Court has admiralty jurisdiction over these counterclaims under 28 U.S.C. § 1333 because they concern the arrest of vessels pursuant to this Court's admiralty jurisdiction. This Court also has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Defendants and Jaws Marine and the amount in controversy exceeds $75,000. The Court also has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367 because the Technopref's claims are so related to the claims asserted by Jaws Marine that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim to these counterclaims arose in this judicial district.

## FACTUAL ALLEGATIONS

5. Technopref was hired to perform work on the Key Bridge and Bear Creek Bridge in or about early 2017. To complete that work, Technopref required the use of vessels to assist with transportation of labor and materials. Jaws Marine was aware of Technopref's work on the Key Bridge and Bear Creek Bridge.

6. Technopref owns the 2017 CAROLINA SKIFF, 2006 CREWBOAT TO GO, and 1988 CREWBOAT TO GO (collectively the "Vessels").

7. In or about early 2017, Technopref began to store significant amounts of marine equipment at Jaws Marine's commercial mooring facility located at 6100 Chemical Road, Baltimore, Maryland.

8. Technopref entered a lease (the "Lease") with Jaws Marine, effective April 1, 2018, to lease a commercial mooring facility located at 6100 Chemical Road, Baltimore, Maryland (the "Property").

9. A copy of the Lease is attached to Jaws Marine's Complaint and is incorporated herein. ECF No. 1-1.

10. Pursuant to the Lease, Technopref was entitled to use of 30,000 square feet of the Property, three boat slips, the bulkhead, mooring facilities, above ground storage tanks, a storage shed, and waters and riparian rights.

11. Pursuant to the Lease, Technopref was required to and made a security deposit in the amount of $7,250.00 that would be used by Jaws Marine to pay any for any default under the Lease. The Lease also required rent to be paid by Technopref "in the amount of $7,250.00 per month in 9 equal monthly installments."

12. Pursuant to the Lease, Jaws Marine was required to maintain the piers, bulkheads, commercial mooring facilities, and access roads. Any repairs required due to the negligence or willful misconduct of Technopref were required to be done by Jaws Marine. If such repair was made, Technopref was required to reimburse Jaws Marine only after Jaws Marine provided written request of the same.

13. The Lease defined "default" to include failure to pay rent for more than 5 days, or failure to perform other terms, conditions, or covenants of the Lease for more than 15 or 30 days after written notice.

14. In the event of default, Jaws Marine was permitted to accelerate the rent due for the remainder of the term, terminate the lease, or expel Technopref from the premise.

15. The Lease contained many other provisions that were unfavorable to Technopref and highly favorable to Jaws Marine. For example, and without limitation, on the one hand, the Lease imposed many obligations on Technopref with harsh penalties after only a short period of default and opportunity to cure, while on the other hand, the Lease imposed nearly no obligations on Jaws Marine, granted Jaws Marine a significantly longer period of time to cure any default, and provided little consequence for failure to do so.

16. Technopref agreed to the terms of the Lease because it was under duress. Technopref needed the mooring space in order to continue its work on the Key Bridge and Bear Creek Bridge projects and had no other mooring options.

17. Jaws Marine was aware of this fact and leveraged it to its own benefit. As such, the Lease is unconscionable and unenforceable.

18. The Vessels began mooring at the Property in approximately April 2018.

19. Technopref timely paid all rent owed under the Lease from April 2018 through early 2019.

20. Upon information and belief, any alleged damage to the bulkhead of the Property was caused by commercial barges and not by 2017 CAROLINA SKIFF.

21. Technopref caused the damage to be fixed between approximately March and December 2019 (the "Period of Repair").

22. Technopref did not wish to keep its Vessels at the Lease Property during the Period of Repair.

23. The Vessels only remained at the Property during the Period of Repair because Jaws Marine demanded to retain them for security.

24. Based on Jaws Marine's demand – and because Jaws Marine prevented Technopref from retrieving the Vessels by blocking them with other Vessels, failing to cooperate with Technopref, and taking steps to prohibit Technopref from accessing the Property to retrieve them – Technopref acquiesced to permit Jaws Marine to retain the 2017 CAROLINA SKIFF and the 1988 CREWBOAT TO GO as security, but only during the Period of Repair.

25. Technopref did not agree to permit Jaws Marine to retain the 2006 CREWBOAT TO GO as security at any time.

26. In fact, during the Period of Repair, Jaws Marine prevented Technopref from retrieving the Vessels by blocking them with other Vessels, failing to cooperate with Technopref, and taking steps to prohibit Technopref from accessing the Property to retrieve them.

27. Because Technopref did not want to keep the Vessels at the Property during the Period of Repair, it advised Jaws Marine in February 2019 that it did not agree to pay vessel storage costs during the Period of Repair.

28. At the conclusion of the Period of Repair in early December 2019 (by which time the repairs were complete but for minor punch list items), Technopref demanded the release of the Vessels, but Jaws Marine refused.

29. Upon completion of the repairs, Jaws Marine claimed that the repairs were not acceptable and continued to prevent the Vessels from leaving the Property.

30. Following completion of the repairs, Jaws Marine has continued to demand payment of vessel storage costs from Technopref while simultaneously refusing to permit Technopref from retrieving the Vessels from the Property as demanded (the "Period of Distraint"). *See* ECF No. 1-2.

31. On May 6, 2021, unbeknownst to Technopref, Jaws Marine filed this action, alleging it possesses a maritime lien against the Vessels.

32. On or about May 19, 2021, Jaws Marine caused all three Vessels to be arrested (the "Date of Arrest").

33. Technopref has not been able to use or access any of the Vessels since in or about early 2019.

34. Even after Technopref completed the repairs as agreed, Jaws Marine continued to refuse to release the Vessels to Technopref.

35. Technopref's counterclaims all arise from the same transaction or occurrence that is the subject of Jaws Marine's Complaint.

## **FIRST COUNTERCLAIM**
(Wrongful Arrest)

36. Technopref incorporates by reference the allegations above as if fully set forth herein.

37. Prior to the Date of Arrest, Jaws Marine had received all rent and other monies owed for use of the Property by Technopref and the Vessels.

38. Prior to the Date of Arrest, all damage caused by the 2017 Carolina Skiff and or the barges to the bulkhead on the Property had been completely and properly repaired.

39. As such, at the time Jaws Marine caused the Vessels to be arrested, there was no valid maritime lien against any of the Vessels.

40. At the time of arrest, Jaws Marine was aware that all rent and other monies owed had been paid and that all damage to the bulkhead had been repaired.

41. At the time of arrest, Jaws Marine was aware there was no valid maritime lien.

42. Arrest of the Vessels was contrary to and/or without color of law.

43. By causing arrest of the Vessels, Jaws Marine acted in bad faith, with malice, or with gross negligence.

44. As a direct and proximate result of Jaws Marine's wrongful arrest of the Vessels, Technopref has and will continue to suffer financial damages including, but not limited to, loss of use, lost profits, incidentals, consequential damages, diminution of value, legal fees and costs reasonably incurred to release the Vessels, pre and post-judgment interest, and such other and further damages as may be proven at trial in this matter.

## SECOND COUNTERCLAIM
(Intentional or Negligent Conversion)

45. Technopref incorporates by reference the allegations above as if fully set forth herein.

46. At the time the Period of Repair began, Jaws Marine had received all rent and other monies owed for use of the Property by Technopref and the Vessels.

47. At no time during the Period of Repair was Technopref in default of rent or other monies owed to Jaws Marine.

48. At the time the Period of Distraint began, Jaws Marine had received all rent and other monies owed for use of the Property by Technopref and the Vessels, and all damage to the bulkhead had been properly repaired.

49. At no time during the Period of Distraint was Technopref in default under the Lease.

50. During the Period of Repair, Jaws Marine wrongfully exercised dominion and control over the 2006 CREWBOAT TO GO to the wrongful exclusion of Technopref by refusing to allow Technopref to retrieve her from the Property despite demand.

51. During the Period of Distraint, Jaws Marine wrongfully exercised dominion and control over the Vessels to the wrongful exclusion of Technopref by refusing to allow Technopref to retrieve the Vessels from the Property despite demand.

52. Jaws Marine's exercise of dominion over the Vessels to the exclusion of Technopref was in bad faith or, alternatively, negligent.

53. A reasonable person would not have exercised dominion and control over the 2006 CREWBOAT TO GO during the Period of Repair without regard for Technopref's right and interest.

54. A reasonable person would not have exercised dominion and control over the Vessels during the Period of Distraint without regard for Technopref's right and interest.

55. As a direct and proximate result of Jaws Marine's intentional or negligent conversion of the Vessels, Technopref has and will continue to suffer financial damages including, but not limited to, loss of use, lost profits, incidentals, consequential damages, diminution of value, legal fees and costs reasonably incurred to release the Vessels, pre and post-judgment interest, and such other and further damages as may be proven at trial in this matter.

### THIRD COUNTERCLAIM
(Trespass)

56. Technopref incorporates by reference the allegations above as if fully set forth herein.

57. During the Period of Repair, Jaws Marine wrongfully exercised dominion and control over the 2006 CREWBOAT TO GO to the wrongful exclusion of Technopref by refusing to allow Technopref to retrieve her from the Property despite demand.

58. During the Period of Distraint, Jaws Marine wrongfully exercised dominion and control over the Vessels to the wrongful exclusion of Technopref by refusing to allow Technopref to retrieve the Vessels from the Property despite demand.

59. During the Period of Repair, the 2006 CREWBOAT TO GO was in the exclusive possession and/or control of Jaws Marine.

60. During the Period of Distraint, the Vessels were in the exclusive possession and/or control of Jaws Marine.

61. During the Period of Repair, Technopref did not agree to, invite, consent, or otherwise authorize Jaws Marine to enter or place restraints on the 2006 CREWBOAT TO GO.

62. During the Period of Distraint, Technopref did not agree to, invite, consent, or otherwise authorize Jaws Marine to enter or place restraints on the Vessels.

63. Entry onto the 2006 CREWBOAT TO GO by Jaws Marine, its agents, servants, or representatives during the Period of Repair was not authorized by any Court or legal process, or otherwise.

64. Entry onto the Vessels by Jaws Marine, its agents, servants, or representatives during the Period of Distraint was not authorized by any Court or legal process, or otherwise.

65. Entry onto the 2006 CREWBOAT TO GO by Jaws Marine, its agents, servants, or representatives was continuous throughout the Period of Repair.

66. Entry onto the Vessels by Jaws Marine, its agents, servants, or representatives was continuous throughout the Period of Distraint

67. As a direct and proximate result of Jaws Marine's trespass the Vessels, Technopref has and will continue to suffer financial damages including, but not limited to, loss of use, lost profits, incidentals, consequential damages, diminution of value, legal fees and costs reasonably

incurred to release the Vessels, pre and post-judgment interest, and such other and further damages as may be proven at trial in this matter.

## **FOURTH COUNTERCLAIM**
(Breach of Contract)

68. Technopref incorporates by reference the allegations above as if fully set forth herein.

69. Technopref restates that the Lease was unconscionable. Because it is unconscionable, the Lease is not enforceable.

70. In the event the Lease is found to be an enforceable contract, Jaws Marine breached the Lease.

71. Pursuant to the Lease, Jaws Marine was not entitled to take possession of any Vessel unless and until Technopref was in default of payment of rent, the amount of the security deposit was insufficient to cover the amount of rent due, and Technopref failed to replenish the security deposit for more than 5 days following written request by Jaws Marine.

72. Alternatively, pursuant to the Lease, Jaws Marine was not entitled to take possession of any Vessel unless and until Technopref was in default regarding any other term, condition, or covenant of the Lease for at least 15 or 30 days following written notice of the same, the amount of the security deposit was insufficient to cover the amount of such default, and Technopref failed to replenish the security deposit for more than 5 days following written request by Jaws Marine.

73. Any possession of the Vessels by Jaws Marine permitted under the Lease must have been carried out in compliance with applicable law, including maritime law. The Lease did not permit "self-help."

74. Technopref fully complied with all duties owed to Jaws Marine under the Lease, including but not limited to timely payment of rent and repair of all damages caused by Technopref and/or its Vessels.

75. Jaws Marine breached its obligations under the Lease by exercising control and/or taking possession of the 2006 CREWBOAT TO GO during the Period of Repair even though Technopref complied with all terms of the Lease.

76. Jaws Marine breached its obligations under the Lease by exercising control and/or taking possession of the Vessels during the Period of Distraint even though Technopref complied with all terms of the Lease.

77. Jaws Marine further breached its obligations under the Lease by exercising control and/or taking possession of the 2006 CREWBOAT TO GO through the use of "self-help" and without court approval during the Period of Repair.

78. Jaws Marine further breached its obligations under the Lease by exercising control and/or taking possession of the Vessels through the use of "self-help" and without court approval during the Period of Distraint.

79. Jaws Marine further breached its obligations under the Lease by seeking, obtaining, and causing the arrest of each of the Vessels with court process even though Technopref had fully complied with all of its obligations owed under the Lease.

80. In every contract, including the Lease, there is implied a covenant of good faith and fair dealing.

81. In the course of dealing with Technopref, by failing to adequately communicate with Technopref regarding alleged defaults under the Lease, by failing to adequately communicate its intention to forcibly distrain the Vessels through self-help, by failing to adequately notify

Technopref of its intention to arrest the Vessels through court action, by forcibly distraining the Vessels through self-help, and by wrongfully arresting the Vessels, Jaws Marine breached the covenant of good faith and fair dealing.

82. As a direct and proximate result of Jaws Marine's breaches of its obligations under the Lease, Technopref has and will continue to suffer financial damages including, but not limited to, loss of use, lost profits, incidentals, consequential damages, diminution of value, legal fees and costs reasonably incurred to release the Vessels, pre and post-judgment interest, and such other and further damages as may be proven at trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Technopref prays for the following relief against Jaws Marine:

i. For counter-security by Jaws Marine pursuant to Fed. R. Civ. P., Suppl. Adm. R. E(7);

ii. For an order finding the Lease unconscionable and unenforceable as written and to modify the terms as fairness requires;

iii. For judgment against Jaws Marine awarding damages in an amount to be proven at trial to include costs, loss of use, lost profits, consequential damages, incidentals, diminution of value of the Vessels, legal fees and costs reasonably incurred, and pre and post-judgment interest as permitted by law;

iv. For judgment against Jaws Marine awarding punitive damages;

v. For an order finding no maritime lien exists in favor of Jaws Marine and against any of the Vessels;

vi. For judgment requiring Jaws Marine to pay Technopref's attorney's fees and costs under the Lease and as allowed by applicable law; and,

      i.      For such other and further relief as this Court may deem just and proper.

Dated: June 17, 2021                      Respectfully submitted,

                                                */s/ James R. Jeffcoat*
                                                James R. Jeffcoat (Bar No. 20105)
                                                WHITEFORD TAYLOR & PRESTON LLP
                                                Baltimore, Maryland 21202
                                                T: (410) 347-8736
                                                F: (410) 234-2348
                                                jjeffcoat@wtplaw.com

                                                /s/ John Theiss
                                                John Theiss (Application to be admitted Pro Hac Vice to be submitted)
                                                THEISS LAW GROUP PC
                                                1126 34th Avenue, Suite 312
                                                Seattle, WA  98112
                                                Telephone: (206) 795-8000
                                                Facsimile: (833) 422-0237
                                                john@theisslaw.com

                                                *Attorneys for Defendant Technopref Industries, Inc.*

## VERIFICATION BY DECLARATION
## UNDER PENALTY OF PERJURY PURSUANT TO 28 USC § 1746

I, Dorian Beaudouin, being over the age of 18 and competent to make this declaration, hereby declare that I am the Director of Construction of Technopref Industries, Inc.  I have read the foregoing verified answer to Verified Complaint. I verify and declare under penalty of perjury: (1) that the facts set out in the foregoing are true and correct, and (2) that I have been authorized by Technopref Industries, Inc. to execute this verification on its behalf.  Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of June, 2021, in Arlington, Virginia.

_____

Dorian Beaudouin

**CERTIFICATE OF SERVICE**

I certify that on June 17, 2021, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Andrew H. Vance, Esq.
Joshua T. Carback, Esq.
LAW OFFICE OF ANDREW H. VANCE
77 East Main Street, Suite 401
Westminster, Maryland 21157
constructionlaw@verizon.net
P: (410) 386-0727
F: (410) 386-0728
*Attorneys for Key Harbor, LLC*

                                             */s/ James R. Jeffcoat*