IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **KEY HARBOR, LLC** *d/b/a* **JAWS MARINE,** | ) ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| *v*. | ) ) | Case No. 1:21-cv-01114-CCB |
| **2017 CAROLINA SKIFF,** | ) ) | In Admiralty |
| **2006 CREWBOAT TO GO,** | ) ) ) | |
| **1988 CREWBOAT TO GO,** | ) ) ) | |
| Their equipment, appurtenances, and freights, | ) ) ) | |
| *Defendants*, in rem. | ) ) | |
| **TECHNOPREF INDUSTRIES, INC.,** | ) ) ) | |
| *Defendant*, in personam. | ) ) | |

**PLAINTIFF KEY HARBOR, LLC'S ANSWER TO COUNTERCLAIM**

Plaintiff Key Harbor, LLC d/b/a Jaws Marine ("Key Harbor") submits this answer to Defendant Technopref Industries, Inc.'s ("Technopref's") verified counterclaim according to the headings and numbered paragraphs set forth there.

**PARTIES**

1. Key Harbor admits the allegations contained in Paragraph 1.

2. Key Harbor admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Key Harbor admits the allegations contained in Paragraph 3.

4. Key Harbor admits the allegations contained in Paragraph 4.

## FACTUAL ALLEGATIONS

5. Key Harbor admits only that Technopref made communications of this nature.

6. Key Harbor admits the allegations contained in Paragraph 6.

7. Key Harbor admits the allegations contained in Paragraph 7.

8. Key Harbor admits that it entered into three different maritime contracts with Technopref. Key Harbor denies that portion of Paragraph 8 relating to the effective date of one of the three maritime contracts. Key Harbor's position is as follows: (a) the first maritime contract was executed on March 7, 2017; (b) the second maritime contract was executed later in March and backdated to March 1, 2017; and (c) the third maritime contract was executed on April 4, 2018.

9. Key Harbor admits only that a copy of one of the three maritime contracts is attached to its Verified Complaint. Copies of all three maritime contracts are attached to this Answer.

10. Key Harbor submits that the document speaks for itself and denies all allegations contrary thereto.

11. Key Harbor submits that the document speaks for itself and denies all allegations contrary thereto.

12. Key Harbor submits that the document speaks for itself and denies all allegations contrary thereto.

13. Key Harbor submits that the document speaks for itself and denies all allegations contrary thereto.

14. Key Harbor submits that the document speaks for itself and denies all allegations contrary thereto.

15. Key Harbor submits that the document speaks for itself and denies all allegations contrary thereto.

16. Key Harbor is without sufficient information to admit or deny those portions of Paragraph 16 that relate to allegations of duress or alternatives to Key Harbor's facilities. Key Harbor does deny, however, any portion of Paragraph 16 insofar as it alleges, or could be construed to allege, that Key Harbor caused any "duress" alleged by Technopref.

17. Key Harbor denies the allegations contained in Paragraph 17.

18. Key Harbor admits only that Technopref began to moor vessels at Jaws Marine Facility in April 2018.

19. Key Harbor denies the allegations contained in Paragraph 19.

20. Key Harbor denies the allegations contained in Paragraph 20 insofar as they contend or infer that the damage to the bulkhead was caused by any entity other than Technopref.

21. Key Harbor denies the allegations contained in Paragraph 21.

22. Key Harbor is without sufficient information to admit or deny what it was that Technopref wished; therefore, Key Harbor denies the allegations contained in Paragraph 22.

23. Key Harbor denies the allegations contained in Paragraph 23.

24. Key Harbor denies the allegations contained in Paragraph 24.

25. Key Harbor denies the allegations contained in Paragraph 25.

26. Key Harbor denies the allegations contained in Paragraph 26.

27. Key Harbor denies the allegations contained in Paragraph 27.

28. Key Harbor denies the allegations contained in Paragraph 28.

29. Key Harbor denies the allegations contained in Paragraph 29.

30. Key Harbor denies the allegations contained in Paragraph 30.

31. Key Harbor is without sufficient information to address what Technopref did, or did not, know. Key Harbor only admits that it initiated this action by filing a verified complaint.

32. Key Harbor admits the allegations contained in Paragraph 32.

33. Key Harbor denies the allegations contained in Paragraph 33.

34. Key Harbor denies the allegations contained in Paragraph 34.

35. The allegations in Paragraph 35 contain a legal conclusion to which no response is required. To the extent that a response is required, Key Harbor denies the allegations contained in Paragraph 35.

## FIRST COUNTERCLAIM: WRONGFUL ARREST

36. Key Harbor admits and denies in accordance with its responses set forth above.

37. Key Harbor denies the allegations contained in Paragraph 37.

38. Key Harbor denies the allegations contained in Paragraph 38.

39. Key Harbor denies the allegations contained in Paragraph 39.

40. Key Harbor denies the allegations contained in Paragraph 40.

41. Key Harbor denies the allegations contained in Paragraph 41.

42. Key Harbor denies the allegations contained in Paragraph 42.

43. Key Harbor denies the allegations contained in Paragraph 43.

44. Key Harbor denies the allegations contained in Paragraph 44.

## SECOND COUNTERCLAIM: INTENTIONAL OR NEGLIGENT CONVERSION

45. Key Harbor admits and denies in accordance with its responses set forth above.

46. Key Harbor denies the allegations contained in Paragraph 46.

47. Key Harbor denies the allegations contained in Paragraph 47.

48. Key Harbor denies the allegations contained in Paragraph 48.

49. Key Harbor denies the allegations contained in Paragraph 49.

50. Key Harbor denies the allegations contained in Paragraph 50.

51. Key Harbor denies the allegations contained in Paragraph 51.

52. Key Harbor denies the allegations contained in Paragraph 52.

53. Paragraph 53 calls for a legal conclusion to which no response is required. To the extent that a response is required, Key Harbor denies the allegations contained in Paragraph 53.

54. Paragraph 54 calls for a legal conclusion to which no response is required. To the extent that a response is required, Key Harbor denies the allegations contained in Paragraph 54.

55. Key Harbor denies the allegations contained in Paragraph 55.

## THIRD COUNTERCLAIM: TRESPASS

56. Key Harbor admits and denies in accordance with its responses set forth above.

57. Key Harbor denies the allegations contained in Paragraph 57.

58. Key Harbor denies the allegations contained in Paragraph 58.

59. Key Harbor denies the allegations contained in Paragraph 59.

60. Key Harbor denies the allegations contained in Paragraph 60.

61. Key Harbor denies the allegations contained in Paragraph 61.

62. Key Harbor denies the allegations contained in Paragraph 62.

63. Key Harbor denies the allegations contained in Paragraph 63.

64. Key Harbor denies the allegations contained in Paragraph 64.

65. Key Harbor denies the allegations contained in Paragraph 65.

66. Key Harbor denies the allegations contained in Paragraph 66.

67. Key Harbor denies the allegations contained in Paragraph 67.

## FOURTH COUNTERCLAIM: BREACH OF CONTRACT

68. Key Harbor admits and denies in accordance with its responses set forth above.

69. Paragraph 69 calls for a legal conclusion to which no response is required. To the extent that a response is required, Key Harbor denies the allegations contained in Paragraph 69.

70. Key Harbor denies the allegations contained in Paragraph 70.

71. Key Harbor submits that the maritime contracts executed between itself and Technopref speak for themselves and denies all allegations contrary thereto.

72. Key Harbor submits that the maritime contracts executed between itself and Technopref speak for themselves and denies all allegations contrary thereto.

73. Key Harbor submits that the maritime contracts executed between itself and Technopref speak for themselves and denies all allegations contrary thereto.

74. Key Harbor denies the allegations contained in Paragraph 74.

75. Key Harbor denies the allegations contained in Paragraph 75.

76. Key Harbor denies the allegations contained in Paragraph 76.

77. Key Harbor denies the allegations contained in Paragraph 77.

78. Key Harbor denies the allegations contained in Paragraph 78.

79. Key Harbor denies the allegations contained in Paragraph 79.

80. Paragraph 80 calls for a legal conclusion to which no response is required. To the extent that a response is required, Key Harbor denies the allegations contained in Paragraph 80.

81. Key Harbor denies the allegations contained in Paragraph 81.

82. Key Harbor denies the allegations contained in Paragraph 82.

## **DEFENSES**

Key Harbor reserves the right to rely on the following defenses in opposing Technopref's counterclaims. Key Harbor does not concede that any or all of the listed defenses are affirmative defenses under applicable law. Key Harbor reserves its right to present any and all defenses, including those disclosed through the course of discovery in this matter.

1. All allegations not expressly admitted above are hereby denied.

2. The counterclaim fails to state allegations upon which relief can be granted.

3. The counterclaim is barred by Technopref's material breaches of the maritime contracts executed between the parties.

4. The counterclaim is barred because Technopref failed to fulfill all of the conditions precedent to bringing an action under the maritime contracts.

5. The counterclaim is barred because of Technopref's failure to timely, adequately, and completely perform its contractual obligations.

6. The counterclaims are barred by Technopref's failure to give proper notice of its counterclaim.

7. The counterclaim is barred, in whole or in part, by offset and recoupment.

8. The counterclaim is barred, in whole or in part, by the doctrines of estoppel and laches.

9. Technopref waived all or part of its counterclaim.

10. The counterclaim is barred, in whole or in part, by failure of consideration, payment, and release

11. Technopref's own negligence contributed to its alleged damages.

12. Key Harbor's liability under the maritime contracts, if any, is limited to the value of the vessels.

13. Key Harbor reserves the right to assert additional defenses that may become known as the case progresses through discovery and/or trial.

WHEREFORE, Key Harbor respectfully requests that the Court dismiss Technopref's counterclaim in its entirety, award judgment in favor of Key Harbor, authorize the sale of the vessels so that Key Harbor can recoup its losses, and award Key Harbor attorneys' fees, costs, and such other relief as this Court deems appropriate.

Dated: July 28, 2021                              Respectfully Submitted,

_____/s/_____
Andrew H. Vance, Esq. (Bar No. 05287)
(signed by Joshua T. Carback with permission of Andrew H. Vance)
LAW OFFICE OF ANDREW H. VANCE, LLC
77 East Main Street, Suite 401
Westminster, Maryland 21157
Email: constructionlaw@verizon.net
Phone: (410) 386 – 0727
Fax: (410) 386 – 0728

*Attorney for Key Harbor, LLC*

_____/s/_____
Joshua T. Carback (Bar No. 21713)
LAW OFFICE OF ANDREW H. VANCE, LLC
77 East Main Street, Suite 401
Westminster, Maryland 21157
Email: constructionlaw@verizon.net
Phone: (410) 386 – 0727
Fax: (410) 386 – 0728

*Attorney for Key Harbor, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July 2021, a true and correct copy of the foregoing Plaintiff Key Harbor, LLC's Answer to Counterclaim was delivered via the Court's CM/ECF system to:

>John C. Theiss, Esq.
>THEISS LAW GROUP, P.C.
>1400 112th Ave., S.E., Suite 100
>Bellevue, Washington 98004
>Email: john@theisslaw.com
>Phone: (206) 795 – 8000
>Fax: (833) 422 – 0237
>
>*Attorney for Technopref Indus., Inc.*
>
>James R. Jeffcoat, Esq. (Bar No. 20105)
>WHITFORD TAYLOR & PRESTON LLP
>Baltimore, Maryland 21202
>Email: jjeffcoat@wtplaw.com
>Phone: (410) 347 – 8736
>Fax: (410) 234 – 2348
>
>*Attorney for Technopref Indus., Inc.*

_____/s/_____
Joshua T. Carback (Bar No. 21713)